### UNITED STATES v. O'HARA et al.

(District Court, D. Rhode Island. October 19, 1916.)

1. INDICTMENT AND INFORMATION ⬀111(1)—NEGATIVING STATUTORY EXCEPTIONS.

Act Dec. 17, 1914, c. 1, § 1, 38 Stat. 785 (Comp. St. 1916, § 6287g), requires persons manufacturing or selling opium, etc., to register and pay a special tax. Section 8 (Comp. St. 1916, § 6287n) provides that it shall be unlawful for any person not registered, and who has not paid the special tax, to have in his possession or under his control any of such drugs, and that such possession or control shall be presumptive evidence of a violation of that section, and also of section 1, provided that this section shall not apply in certain cases, and provided, further, that it shall not be necessary to negative any of such exemptions in any indictment. *Held* that, where an indictment charged that defendants were persons required to register under section 1 and that they unlawfully had certain of the drugs in their possession and under their control, it was not necessary to negative an innocent possession by alleging that defendants' possession

⬀For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was for purposes of sale, conceding that a dealer may have an innocent · possession.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 295.]

2. POISONS ☞2—REGULATION—POSSESSION OF PROHIBITED DRUGS.

Act Dec. 17, 1914, c. 1, § 8, does not merely provide a presumption or rule of evidence to establish a violation of section 1, but itself makes the possession of drugs by certain persons, with some exceptions, unlawful.

[Ed. Note.—For other cases, see Poisons, Cent. Dig. § 1.]

Patrick J. O'Hara and another were indicted for offenses. On demurrers to the indictment. Demurrers overruled.

Harvey A. Baker, U. S. Atty., of Providence, R. I.
Albert B. West, of Providence, R. I., for defendants.

BROWN, District Judge. This indictment is based upon Act Dec. 17, 1914, c. 1, 38 Stats. p. 785, known as the Harrison Act, which relates to opium, etc.

After the decision of the Supreme Court in United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, June 5, 1916, the second and fourth counts were nol. prossed. There remain for consideration the demurrers to the first and third counts.

By section 1 of the act certain persons are required to register with the collector of internal revenue and pay a special tax.

[1] The counts duly charge that the defendants are persons mentioned in section 1.

By section 8, as construed by the Supreme Court in United States v. Jin Fuey Moy, it is made unlawful for persons of the classes enumerated in section 1, who are not registered and have not paid the tax, to have in their possession or under their control any of the aforesaid drugs. The defendants are charged with unlawfully, willfully, knowingly, and feloniously having in their possession and under their control, certain of such drugs.

The defendants urge that the first and third counts are insufficient, in that they do not contain any allegations connecting the alleged possession with the requirement of registration. It is contended that the possession of a dealer which is made unlawful is possession for the purpose of dealing, and that the indictment must at least allege possession by a dealer for the purpose of dealing.

Conceding that a dealer may have an innocent possession of drugs, which is not connected with his dealing, for example, as medicine for his personal ailments, it does not follow that it is necessary, in framing an indictment on the statute, to charge that the possession of drugs was for the purpose of dealing, etc. The indictment charges unlawful possession. Section 8 makes possession of the drugs by a person who is required to register, and who has not complied with section 1, not only unlawful in itself, but presumptive evidence of a violation of section 1. It provides, however, certain exemptions, including the possession of drugs prescribed by a physician, and that it shall not be necessary to negative such exemptions in an indictment.

[2] While the act presents some difficulties of construction arising from the expression, "and such possession or control shall be presumptive evidence of a violation of this section, and also of a violation of the provisions of section one of this act," this is to be read in connection with the provision that it shall not be necessary to negative in an indictment certain exemptions contained in section 8. Section 9 provides punishment for violation of or failure to comply with any of the requirements of the act. Section 8 makes unlawful the possession of drugs by certain persons, with some exemptions. Reference to section 1 is necessary to learn who must register; but section 8 defines what is unlawful, and section 9 (Comp. St. 1916, § 6287o) defines its punishment. Section 8, therefore, does not merely provide a presumption or a rule of evidence to establish a violation of section 1.

After due consideration of the very closely reasoned argument of the defendants, I am of the opinion that in effect it is that the indictment must negative the exemptions by defining the purpose of the possession. This seems to be inconsistent with the provision of section 8 that the exemptions need not be negatived.

Although section 8 must be limited to the persons enumerated in section 1, the possession of the drugs by such persons, not registered, and not having paid the special tax, is made unlawful, and, with certain exemptions which need not be negatived in the indictment, but may be set up in defense, is punishable as provided in section 9.

The demurrers are overruled.